**UNITED STATES of America, Plaintiffs,**

v.

**Richard V. SECORD, Defendant.**

**Civ. A. Nos. 88–0080–03, 89–0110.**

United States District Court, District of Columbia.

Oct. 2, 1989.

See also 725 F.Supp. 563.

Reid Weingarten, Washington, D.C., for plaintiffs.

Thomas C. Green, James Sharpe, Washington, D.C., for defendant.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., Chief Judge.

Re: *Defendant's Motion No. 2 to Dismiss the Consolidated Indictment for Prosecutorial Vindictiveness*

This Motion argues that the Independent Counsel acted out of prosecutorial vindictiveness in bringing the second indictment only after Defendant had secured a severance from three other defendants and an order requiring the Government to provide him with all relevant classified discovery materials. The Defendant would have the Court remedy this prosecutorial "retaliation" by dismissing all charges against him.

The prospect of prosecutorial vindictiveness arises where the Government seems

to have acted "in response to the defendant's prior exercise of constitutional or statutory rights." *United States v. Meyer,* 810 F.2d 1242, 1245 (D.C.Cir.1985), *vacated,* 816 F.2d 695 (D.C.Cir.1987) (en banc), *reinstated,* 824 F.2d 1240 (D.C.Cir.1987) (en banc), *cert. denied,* 485 U.S. 940, 108 S.Ct. 1121, 99 L.Ed.2d 281 (1988). Defendant makes no effort to show actual vindictiveness here. Rather, he seeks to rely on a presumption of vindictiveness, arguing that "all of the circumstances, when taken together, support a realistic likelihood of vindictiveness." *Id.* 810 F.2d at 1246. *See also Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974).

The burden on Defendant in attempting to show a "realistic likelihood" of vindictiveness in the pretrial context is a difficult one. The Supreme Court has noted that

a defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to governmental files; to be tried by jury. It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter.

*United States v. Goodwin,* 457 U.S. 368, 381, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74 (1982).

With this caveat in mind, this Court concludes on the facts presented here that no "realistic likelihood" of vindictiveness exists. First, the Government's second set of charges was not simplistic or multiplicitous, manipulating the circumstances of Defendant's original offense, as is often the case in vindictive prosecutions. The second indictment arose from distinct conduct on the part of defendant.

Second, although the Government had the information necessary to bring the perjury and obstruction charges with the first indictment, its decision to act as it did was within the acceptable range of prosecutorial discretion. Rather than provide each of the four joint defendants with an additional argument for severance, or otherwise complicate the joint trial, the Government legitimately chose to withhold the additional counts against Secord. The motivation to do so evaporated once the Court ordered Secord's severance, and the Government pursued the charges, a logical and proper response.

Having failed to find that a realistic likelihood of prosecutorial vindictiveness existed in the bringing of the second indictment, the Court denies Defendant's motion.